**ORIGINAL**

# In the United States Court of Federal Claims

**FILED JUL 30 2015 U.S. COURT OF FEDERAL CLAIMS**

No. 15-334C

(Filed: July 30, 2015)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JUAN BARNES, | * |
| Plaintiff, | * DEA Seizure of Funds During Arrest for |
| | * Marijuana Possession; Funds Not Taken |
| v. | * for Public Use; Alleged Due Process |
| | * Violations; Lack of Subject Matter |
| THE UNITED STATES, | * Jurisdiction; Failure to State a Claim on |
| | * Which Relief May be Granted; Dismissal |
| Defendant. | * for Failure to Prosecute. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Juan Barnes*, Cumberland, Maryland, *pro se* Plaintiff.

*Corrine A. Niosi*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Martin F. Hockey, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

WHEELER, Judge.

On March 31, 2015, *pro se* Plaintiff, Juan Barnes, filed a complaint in this Court seeking recovery of money that the Drug Enforcement Agency ("DEA") seized after finding that he was in possession of marijuana. Mr. Barnes claims that the DEA representatives violated his due process rights by failing to warn him of their intentions to keep his funds in perpetuity. On May 8, 2015 the Government filed a motion to dismiss Mr. Barnes's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Mr. Barnes, who is currently incarcerated at a Federal correctional institution, failed to respond to the Government's motion and subsequently failed to respond to the Court's show cause order.

The Government maintains that Mr. Barnes's due process claim must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and to the extent that his claim may be construed as a takings claim, the Government argues that Mr. Barnes has failed to state a claim upon which relief may be granted under Rule 12(b)(6). The Court also raises, on its own motion, dismissal of this case for failure to prosecute under Rule 41(b). Although the Court is sympathetic to Mr. Barnes's *pro se* status and acknowledges that there have been concerns with Mr. Barnes's receipt of mail, his failure to respond to the Government's motion and failure to respond to the Court's show cause order has made it impossible to proceed with further adjudication of this case.

The Court finds that, due to the nature of Mr. Barnes's claims, the case must be dismissed for lack of subject matter jurisdiction. While the Tucker Act provides for jurisdiction over claims founded upon the Constitution, it does not create substantive rights enforceable against the United States for money damages. Therefore the Court lacks jurisdiction to hear due process claims which are not money-mandating. The Court also must dismiss the case for failure to state a claim upon which relief may be granted because Mr. Barnes's funds were taken pursuant to criminal proceedings, not for public use which would entitle Mr. Barnes to just compensation.

## Standard of Review

When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), which provides that "a party may assert . . . by motion" the defense of "lack of subject-matter jurisdiction," the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Exp. Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). While *pro se* litigants are generally held to a more lenient standard in their pleadings and in proving the existence of subject matter jurisdiction, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), the *pro se* plaintiff nonetheless has the burden of proof to establish subject matter jurisdiction by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Estes Exp. Lines, 739 F.3d at 692.

For a Rule 12(b)(6) motion, which provides that a party may assert by motion a defense of "failure to state a claim upon which relief can be granted," plaintiffs must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-63, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft, 556 U.S. at 678. The Court may grant a motion to dismiss under Rule 12(b)(6) "only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle[] him to relief." Fireman

2

v. United States, 44 Fed. Cl. 528, 537 (1999) (quoting Ponder v. United States, 117 F.3d 549, 552-53 (Fed. Cir. 1997)).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)).

Discussion

I.   Lack of Jurisdiction

Pursuant to the Tucker Act, 28 U.S.C. § 1491, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act does not, however, create any substantive rights enforceable against the United States for money damages. See United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff's constitutional claim must be for money damages, based on a "money-mandating" source of substantive law, if it is to be cognizable under the Tucker Act. See Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2006).

As settled law would indicate, Mr. Barnes's due process claims are not money-mandating because alleging deprivation of one's due process rights does not mandate that the Government pay money damages. See Carruth v. United States, 627 F.2d 1068, 1081, 224 Ct. Cl. 422, 445 (Ct. Cl. 1980) ("This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages."). Because Mr. Barnes's due process claims do not have a money-mandating source, and because the Court does not have jurisdiction to adjudicate Constitutional claims that are not money-mandating, the claims must necessarily be dismissed.

II.   Failure to State a Claim Upon Which Relief May Be Granted

The Government also argues that the money taken from Mr. Barnes was seized pursuant to criminal law, not for public use, and therefore his loss cannot give rise to a

Fifth Amendment takings claim. Accordingly, the Government asks the Court to dismiss for failure to state a claim upon which relief can be granted. See Ramos v. United States, 112 Fed. Cl. 79, 85-86 (2013) (dismissing plaintiff's takings claim for failure to state a claim upon which relief can be granted when his property was seized pursuant to criminal proceedings).

Binding precedent establishes that property taken and held pursuant to the police power, in accordance with criminal law, is not taken for public use for the purpose of the Fifth Amendment's Takings Clause. Kam-Almaz v. United States, 682 F.3d 1364, 1371 (Fed. Cir. 2012). Mr. Barnes alleges that DEA representatives seized his funds in connection to criminal proceedings, namely, his illegal possession of marijuana. Thus, Mr. Barnes's deprivation cannot constitute a taking for which he would be entitled to just compensation because the funds were not taken for public use, but rather in connection with the criminal proceedings against him. See Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (finding that property seized pursuant to criminal laws . . . [is] not 'takings' for which the owner is entitled to compensation).

### III.   Failure to Prosecute

Additionally, the Court, on its own motion, raises the dismissal of Mr. Barnes's complaint for failure to prosecute under Rule 41(b). On May 8, 2015, the Government filed a Motion to Dismiss Plaintiff's Complaint, Dkt. No. 4. Mr. Barnes failed to respond to the motion to dismiss by the Court's June 8, 2015 deadline. On July 1, 2015, after waiting three additional weeks, the Court issued a Show Cause Order directing Mr. Barnes to respond to the Government's motion to dismiss by July 15, 2015, Dkt. No. 5. Yet, Mr. Barnes still did not respond to the Government's motion or the Court's show cause order. Even if he did not receive all of the mailed filings, Mr. Barnes still had an obligation to keep the Court apprised of his correct mailing address, and to check on the status of his case periodically. He did not perform these simple tasks.

The Court is mindful of Mr. Barnes's *pro se* status and has carefully considered the possibility that he may not be familiar with the Court's rules and procedures. Although *pro se* litigants are generally afforded some leniency in procedural matters, this less stringent standard does not permit a party to disregard the timetables set by court rules or the show cause order issued by the Court. See Carpenter v. United States, 38 Fed. Cl. 576, 578 (1997) (noting that the less stringent standard "does not allow a plaintiff to wholly disregard the timetable set by the court's rules, messages left by the court, or a show cause order"); see also Brown v. United States, 22 Cl. Ct. 211, 213 (1990) ("[t]he court is sensitive to the special hardships of *pro se* plaintiffs, however, 'latitude' does not equal 'free rein' and there comes a point where the court must say enough is enough."). The July 1, 2015 show cause order explicitly warned Mr. Barnes that failure to respond to the order

would result in the case being dismissed. Mr. Barnes has failed to take the required steps necessary for further adjudication of his case in this Court.

## Conclusion

Based upon the foregoing, this case is DISMISSED, with prejudice, for lack of subject matter jurisdiction (Rule 12(b)(1)), failure to state a claim upon which relief may be granted (Rule 12(b)(6)), and failure to prosecute (Rule 41(b)).

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge